## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Civil Division

AERO NORFOLK, LLC,
201 West Street, Suite 200
Annapolis, MD  21401,

                    Plaintiff,

  v.

PHILADELPHIA TRUCK LINES, INC.,
519 Kaiser Drive, Suite D
Folcroft, PA  19032,

    *Serve:*
    Steven Piscetelli, Sr., President, or
    Steven Piscetelli, Jr.,
       Secretary Treasurer
    519 Kaiser Drive, Suite D
    Folcroft, PA  19032,

                    Defendant.

Civil Action No. _____

## **COMPLAINT**

Aero Norfolk, LLC ("Aero Norfolk") brings this complaint against Philadelphia Truck Lines, Inc. ("PTL") for breach of contract, seeking a money judgment, and for its complaint states as follows.

### **Parties and Jurisdiction**

1.    Aero Norfolk is a Virginia limited liability company with its principal place of business at 201 West Street, Suite 200, Annapolis, MD  21401.

2.    PTL is a Philadelphia Truck Lines, Inc. is a Pennsylvania corporation with its principal place of business at 519 Kaiser Drive, Suite D, Folcroft, PA 19032.

3. Aero Norfolk is the lessee under ground leases of land at Norfolk International Airport, and owner of the improvements thereon, including industrial real property at 5998 Robin Hood Road, Norfolk, Virginia 23518.

4. PTL is in the cargo transportation business, providing air cargo road feeder and related services.

5. Aero Norfolk, as landlord, and PTL, as tenant, entered into an agreement for the lease of certain premises at the airport property, dated December 29, 2014 ("Lease").

6. A genuine and complete copy of the Lease is attached as <u>Exhibit A</u>.

7. The parties are of diverse citizenship.

8. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between all plaintiffs and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## Facts

### PTL's Lease Obligations

10. The term of the Lease expired on February 29, 2020.

11. Under the Lease, PTL agreed to make monthly payments of rent during the lease term.

12. In addition, under section 3(b) of the Lease, the parties agreed that two months' rent would be held in abeyance until the termination of the Lease and not payable unless PTL defaulted before the end of the term.

13. Under section 3(a), of the Lease any payment of rent not timely received shall bear interest at the rate of two percent per month until the payment is made.

14. In section 7 of the Lease, PTL agreed to maintain the premises in good condition, regularly servicing and making all repairs and replacements, whether ordinary or extraordinary. PTL also agreed to repair any damage to the premises caused by its agents, employees, or visitors.

15. In section 15 of the Lease, PTL agreed to pay all charges for utilities serving the premises, including power.

16. Upon termination of the Lease, PTL was required to surrender possession of the premises in good condition, broom clean and free of debris.

17. Each instance in which PTL failed to pay rent when due, or failed to perform other obligations of the Lease, constitutes a default under section 20 of the Lease.  Upon PTL's failure to perform a non-monetary obligation, the Lease gives Aero Norfolk the right to cure PTL's default and recover from PTL the reasonable cost of such cure plus interest at two percent per month until reimbursed.

18. Section 40 of the Lease provides that if Aero Norfolk is successful in enforcing its rights in this suit, then PTL shall reimburse Aero Norfolk for its reasonable attorneys' fees and costs.

**PTL's Defaults**

19. PTL failed to make certain payments of monthly rent when due and payable during the term of the Lease.

20. Each instance of PTL's failure to make payments of monthly rent when due constitutes a default under the Lease.

21. PTL failed to pay certain charges for utility services to the premises due and payable during the term of the Lease.

22. Each instance of PTL's failure to make payments for utility services constitutes a default under the Lease.

23. In anticipation of PTL's surrender of the premises at the expiration of the lease term, Aero Norfolk conducted a preliminary move-out inspection of the premises and discovered that the premises were not in the condition that PTL agreed to maintain them and surrender them under the Lease.

24. Aero Norfolk gave PTL notice of the preliminary inspection results by letter dated February 7, 2020.

25. A genuine and complete copy of the February 7, 2020, notice of preliminary inspection results is attached as Exhibit B.

26. On March 6, 2020, Aero Norfolk conducted a final move-out inspection of the premises and discovered that PTL failed to address the deficiencies noted in the preliminary inspection.

27. Aero Norfolk gave PTL notice of the final inspection results by letter dated April 17, 2020.

28. A genuine and complete copy of the April 17, 2020, notice of final inspection results is attached as Exhibit C.

29. In the April 17, 2020 notice, Aero Norfolk informed PTL that it obtained quotes from contractors for completing the repairs that were the responsibility of PTL and informed PTL of its intention to perform the repairs and seek reimbursement from PTL of the cost in the amount of $84,801.59.

30. Aero Norfolk contracted and paid for the repairs in the amount of $84,801.59, but PTL has not reimbursed Aero Norfolk for the cost of the repairs.

31. Each instance of PTL's failure to reimburse Aero Norfolk for the cost of a repair for which PTL was obligated to make, or for the cost of placing the premises in move-out condition, constitutes a default under the Lease.

32. On November 12, 2020, Aero Norfolk delivered to PTL notice of its defaults under the Lease and an opportunity to cure by making payment of $164,471.07.

33. A genuine and complete copy of the November 12, 2020 notice of default is attached as Exhibit D.

34. In addition, upon PTL's default, the abeyance rent became due and payable.

35. The amounts due and owing to Aero Norfolk are itemized in the statement of account attached as Exhibit E.  Some of these amounts accrue interest under the Lease until they are paid.

36. PTL has not paid the amounts in the statement of account.

37. PTL has not disputed that the items in the statement of account are due and payable.

38. PTL's failure to make the payments and reimbursements due under the terms of the Lease constitutes a breach of the Lease.

39. PTL is liable to Aero Norfolk for damages for its breach of the Lease, in the amount of the payments and reimbursements due and unpaid, plus Aero Norfolk's reasonable attorneys' fees and expenses of suit.

**Request for Relief**

WHEREFORE, Aero Norfolk, LLC requests that the Court enter a money judgment in its favor against Philadelphia Truck Lines, Inc. for all amounts due and payable under the Lease, in an amount no less than $180,104.19, plus its reasonable attorneys' fees and costs.

Date:   February 17, 2021

Caroline Petro Gately (VSB # 30220)
Venable LLP
600 Massachusetts Avenue, N.W.
Washington, DC  20001
(202) 344-4744 phone
(202) 344-8300 fax
cpgately@venable.com

*Counsel for Plaintiff Aero Norfolk, LLC*