IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| AERO NORFOLK, LLC,<br>　　Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 2:21cv101 (RCY) |
| PHILADELPHIA TRUCK LINES, INC.,<br>　　Defendant. | )<br>)<br>)<br>) |

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's Motion for Entry of Judgment by Default (ECF No. 10), Defendant's Motion to Set Aside Entry of Default[1] (ECF No. 16), and Plaintiff's Motion to Strike Defendant's Opposition to Motion for Default Judgment (ECF No. 17).  For the reasons stated below, the Court will deny Plaintiff's Motion for Entry of Judgment by Default (ECF No. 10) without prejudice with leave to refile, deny Defendant's Motion to Set Aside Entry of Default (ECF No. 16), and deny Plaintiff's Motion to Strike Defendant's Opposition to Motion for Default Judgment (ECF No. 17) as moot.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 2021, Plaintiff filed a Complaint against Defendant to collect unpaid rent, interest, utility charges, and charges for building repairs owed by Defendant. (ECF No. 1.)  On April 13, 2021, Plaintiff filed an executed summons, which included an affidavit of service, indicating that a summons, procedure for civil motions, notice, complaint with exhibits, and civil

---

[1] Defendant has requested that its Brief in Opposition to Plaintiff's Motion for Default Judgment be considered a Motion to Set Aside Entry of Default. (ECF No. 16 at 2.) Even if Defendant had not asked for this, "a brief in opposition to default judgment will be treated as a request to have default set aside, and will be analyzed under the 'good cause' standard." *Vick v. Wong*, 263 F.R.D. 325, 329 (E.D. Va. 2009) (citing *FDIC v. Danzig*, No. 93-1294, 1993 WL 478842, at *2 (4th Cir. Nov. 22, 1993)).

1

cover sheet had been served on Defendant's agent, Lindsey Herrera, on April 6, 2021. (ECF No. 6.)

On May 18, 2021, at the request of Plaintiff, the Clerk of the Court entered default against Defendant. (ECF Nos. 7-9.) Following the entry of default, on June 14, 2021, Plaintiff filed a Motion for Entry of Judgment by Default, seeking $189,245.29. (ECF No. 10.) This figure includes Defendant's missed rental payments, utilities charges, building repairs, attorney's fees, and costs. (*Id.*)

On July 29, 2021, Defendant retained counsel to represent it in this matter. (Opp'n Mot. Strike at 1, ECF No. 19.) Defendant's counsel filed an appearance on August 16, 2021. (ECF No. 15.) On the same day, Defendant filed an Opposition to the Motion for Default Judgment, which the Court has construed as a Motion to Set Aside Entry of Default.[2] (ECF No. 16.) On August 23, 2021, Plaintiff filed a Reply to Defendant's Opposition to Plaintiff's Motion for Default Judgment. (ECF No. 18.)

On August 17, 2021, Plaintiff filed a Motion to Strike Defendant's Opposition to Plaintiff's Motion for Default Judgment. (ECF No. 17.) Defendant filed an Opposition to this motion on August 25, 2021. (ECF No. 19.) Plaintiff filed a Reply on August 31, 2021. (ECF No. 20.)

## II. MOTION TO SET ASIDE ENTRY OF DEFAULT

### A. Legal Standard

A district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When determining whether there is good cause to set aside an entry of default, "a court considers the following factors: 'whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [nonmoving] party, whether there is a history of dilatory action, and the availability of sanctions

---

[2] *See infra* note 1.

less drastic.'" *Saunders v. Metro. Prop. Mgmt.*, 806 Fed. App'x 165, 168 (4th Cir. 2020) (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)). The decision to set aside an entry of default lies within the discretion of the trial court. *Id.*

### B. Discussion of Factors

#### 1. Meritorious Defense

"A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988); *B2Gold Corp. v. Christopher*, No. 1:18cv1202, 2020 WL 2846633, at *2 (E.D. Va. May 28, 2020). Merely alleging a meritorious defense is insufficient. *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251-52 (4th Cir. 1967). In *Automobili Lamborghini S.P.A. v. Garcia*, the Court denied a motion set aside an entry of default, as the defendant did not proffer any evidence of a meritorious defense. 467 F. Supp. 3d 385, 396 (2020). The defendant claimed to have a defense and claimed to have evidence, but he did not provide any evidence to the court. *Id.* Similarly, in *B2Gold Corp. v. Christopher*, the court found that this factor "weigh[ed] heavily against setting aside the entry of default," as the defendant only made a conclusory assertion that he had a "strong defense" and proffered no evidence to rebut plaintiff's claim. 2020 WL 2846633, at *2.

Defendant argues that it has put forward a meritorious defense. (Opp'n Mot. Default J. at 4.) While the Defendant does not contest liability, it argues that the damages claimed are unreasonable and unnecessary. (*Id.*). Defendant argues that Plaintiff has "submitted no evidence that [Defendant] was the cause of any of the alleged damages which occurred at the property." (*Id.*)

Defendant fails to proffer any evidence of its "meritorious defense." Instead, it merely asserts a bare allegation. It provides no support, no affidavits, no details, or any other form of

3

support for its assertion that the damages are unreasonable and unnecessary. As such, Defendant has failed to meet the extraordinarily low bar set by this factor. Therefore, the Court finds that the first factor weighs against setting aside the entry of default.

### 2. Reasonable Promptness

Reasonable promptness is "gauged in light of the facts and circumstances of each" case. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *McKesson Med.-Surgical, Inc. v. Flower Orthopedics Corp.*, No. 3:17cv631, 2018 WL 944375, at *5 (E.D. Va. Feb. 16, 2018). However, courts routinely look at the decisions of other courts in making determinations on reasonableness. *McKesson Med.-Surgical*, 2018 WL 944375, at *5; *see Burton v. The TJX Cos., Inc.*, No. 3:07cv760, 2008 WL 1944033, at *3 (E.D. Va. May 1, 2008) ("District courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside."). In *Mavilla v. Absolute Collection Services, Inc.*, the Fourth Circuit affirmed a district court's decision to set aside a default where the defaulting party filed a notice of appearance on the exact same day that its counsel learned of the entry of default. 539 Fed. App'x 202, 206 (4th Cir. 2013). Conversely, the *B2Gold* court determined that waiting thirteen months after the entry of default to request that it be put aside was not "reasonable promptness." 2020 WL 2846633, at *2. In *Vick v. Wong*, the Court found that waiting two months after the entry of default to submit an affidavit to the court was not reasonably prompt, while only waiting "a few weeks" to respond to the opposing party's motion for default judgment was reasonably prompt. 263 F.R.D. at 330.

Defendant does not expressly address this factor. It notes that it retained counsel on July 29, 2021. (Opp'n Mot. Strike ¶ 1.) Defendant asserts that "[a]fter reviewing and assessing the status of this matter, Counsel for Defendant contacted Counsel for Plaintiff to investigate the present claims of the Plaintiff." (*Id.* ¶ 2.) However, it does not give any indication of when this

4

occurred. Presumably, counsel learned that their client was in default when they were retained, or at least when they contacted Plaintiff. Unlike in *Mavilla*, they did not immediately enter an appearance. *See* 539 Fed. App'x at 206. Instead, they waited over two weeks. (ECF No. 15.) Further, Defendant waited over two months after Plaintiff moved for entry of default to retain counsel and almost three months to contest the entry of default. The delay in contesting the entry of default exceeds any of the typical periods for reasonable promptness. *See Burton*, 2008 WL 1944033, at *3. The Court finds that the second factor weighs against setting aside the entry of default.

### 3. Personal Responsibility

Courts often set aside the entry of default "when the party's default was unintentional or the result of negligence," especially if it was the negligence of the party's attorney. *Pinpoint IT Servs., LLC v. Atlas IT Export Corp.*, 812 F. Supp. 2d 710, 726 (E.D. Va. 2011). In *Mavilla*, the court determined that an attorney's mistake over the length of an extension was not attributable to the client and favored setting aside default. 539 Fed. App'x at 206. Similarly, in *Saunders v. Metropolitan Property Management*, the court found that the defendant's attorney was responsible for failing to timely respond to the complaint, and thus setting aside the entry of default was not an abuse of discretion. 806 Fed. App'x at 168.

In a baffling decision, Defendant never explains why it failed to respond to the Complaint or why it waited to respond to the entry of default. Defendant concedes that "the defaulting party's culpability for the default" is a factor that the Court should consider, and yet it makes no argument, nor does it provide any explanation for its delay. (*See* Opp'n Mot. Default J. at 4.) Given that Defendant waited until two months after entry of default to retain counsel, that period of delay at least should be attributed squarely to the party itself. The Court finds that the third factor weighs against setting aside the entry of default.

5

#### 4. Prejudice to Moving Party

Prejudice is typically determined by considering whether the delay "(1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; [or] (4) was used by the defaulting party to collude or commit a fraud." *McKesson Med.-Surgical*, 2018 WL 944375, at *7. However, courts have not been limited to those considerations. In *Automobili Lamborghini*, the Court considered the nature of the claim itself, which was trademark infringement. 467 F. Supp. 3d at 398. The Court determine that the delay would prejudice the plaintiff, as the defendant could continue to infringe on the trademarks during the delay. *Id.* In *B2Gold*, the Court found that causing plaintiffs to incur additional expenses related to the action constituted prejudice. 2020 WL 2846633, at *3. Similarly, in *Construction Engineering Consultants, Inc. v. Steel Solutions*, *Inc.*, the Court found that "litigation expense, as well as the delay in coming to a resolution on the merits of [the] litigation" was a form of prejudice. No. 4:08cv86, 2009 WL 10733733, at *21 (E.D. Va. May 13, 2009).

Defendant does not address this factor. Similar to the plaintiff in *Construction Engineers*, Plaintiff has experienced some prejudice as the resolution of this matter has been delayed. *See* 2009 WL 10733733, at *21. However, courts typically do not consider delay on its own to constitute prejudice. *See MSSI Acquisition, LLC v. Azmat Consulting, Inc.*, No. 1:11cv1312, 2012 WL 2871158, at *3 (E.D. Va. July 12, 2012). As such, the Court finds that this factor weighs slightly in favor of setting aside the entry of default.

#### 5. History of Dilatory Action

The dilatory action factor typically relates to whether the defendant has prior instances of causing delay in the current action. *See, e.g., McKesson Med.-Surgical, Inc.*, 2018 WL 944375, at *7 ("[W]here a defaulting party has not engaged in delays preceding the entry of default, courts

6

consider whether the party has acted timely during the pending litigation."); *B2Gold Corp.*, 2020 WL 2846633, at * 2 (noting that defendant did not oppose plaintiff's initial motion for default judgment, did not object to the magistrate's report and recommendation, and did not oppose the renewed motion for default judgment until the magistrate took the motion under advisement when determining that the defendant had a history of dilatory action); *Prescott v. MorGreen Solar Sols., Inc.*, 352 F. Supp. 3d 529, 539 (E.D.N.C. 2018) (finding that defendants' delay in contacting counsel, filing an appearance, and filing answers constituted dilatory action).

Defendant does not address this factor. As previously stated, Defendant waited over two months after Plaintiff moved for entry of default to retain counsel and almost three months to contest the entry of default. The Court finds that this factor weighs against setting aside the entry of default.

### 6. Availability of Less Drastic Sanctions

The Fourth Circuit disfavors default judgment, except in rare cases. *ALPS Prop. & Cas. Ins. Co. v. Fidlow*, No. 3:16cv276, 2017 WL 690543, at *6 (E.D. Va. Feb. 21, 2017) (citing *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010)). While not dispositive, in *Automobili Lamborghini*, the Court noted that neither party had even suggested the availability of a less drastic sanction when determining that no alternative was readily apparent. 467 F. Supp. 3d at 399; *see Bank of Southside Va. v. Host & Cook, LLC*, 239 F.R.D. 441, 449 (E.D. Va. 2007). However, in *McKesson Medical-Surgical*, the Court noted that while neither party suggested less drastic sanctions, "such lesser sanctions undoubtedly exist." 2018 WL 944375, at *7. In surveying other cases, the Court found that less drastic sanctions typically take the form of contempt or payment of attorney's fees. *Id.*

Defendant argues that a less drastic sanction exists. (Opp'n Mot. Default J. at 4.) It contends that litigation of damages is the appropriate sanction. (*Id.*) Given that Defendant "does

7

not intend to submit any defenses as to their breach of the lease," this is hardly a sanction. (*See* Opp'n Mot. Default J. at 1; Opp'n Mot. Strike at 1.) Typically, the Court would consider awarding attorneys' fees as a possible sanction. However, as noted by Plaintiff, the lease contains a fee-shifting provision that likely renders Defendant liable for Plaintiff's costs and attorney's fees anyway. (*See* Reply Mot. Default J. at 5, ECF No. 18.) The Court finds that other sanctions would not be effective; as such this factor weighs against setting aside the entry of default.

### C. Summary of Factors

Only one factor, prejudice to the moving party, weighs in favor of setting aside the entry of the default judgment. It does not weigh so heavily in favor as to outweigh the five other factors. Therefore, the Court will deny Defendant's Motion to Set Aside Entry of Default.

## III. MOTION FOR DEFAULT JUDGMENT

### A. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure outlines the process for entries of default and default judgment. *See* Fed. R. Civ. P. 55. Under Rule 55(a), "the clerk must enter the party's default" when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After the clerk has entered default, the plaintiff may request the entry of a default judgment. If the claim is for a "sum certain or a sum that can be made certain by computation, the clerk . . . must enter judgment for that amount." Fed. R. Civ. P. 55(b)(1). If the claim is not for sum certain, the plaintiff must apply to the court for entry of a default judgment. Fed. R. Civ. P. 55(b)(2). When considering whether to enter default judgment, a court must exercise sound discretion. *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009). "The moving party is not entitled to default judgment as a matter of right." *Id.*

"Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim." *GlobalSantaFe Corp. v. Globalsantafe.com*,

250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003); *see Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998). However, the plaintiff's factual allegations are not automatically accepted as true for the purposes of damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *Kindred v. McLeod*, No. 3:08cv19, 2010 WL 4814360, at *3 (W.D. Va. Nov. 19, 2010).

### B. Discussion

#### 1. Plaintiff has Stated a Claim

Plaintiff alleges a claim for common law breach of contract. (Compl. at 1, ECF No. 1.) Under Virginia law, the elements of breach of contract are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Navar, Inc. v. Fed. Bus. Council*, 784 S.E.2d 296, 299 (Va. 2016) (quoting *Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 48 (Va. 2006)).

Plaintiff has adequately alleged the elements of this claim. First, Plaintiff has alleged that it entered a legally enforceable lease with Defendant. (Compl. ¶ 5.) Plaintiff leased its industrial real property to Defendant on December 29, 2014, and the lease required monthly rental payments. (*Id.* ¶¶ 5, 11.) Second, Plaintiff has alleged that Defendant violated terms of the lease. Specifically, Plaintiff alleges that Defendant failed to make certain rent payments under the lease, failed to pay for certain utility payments, and failed to make certain repairs that were its responsibility under the lease. (*Id.* ¶¶ 19-22, 29.) Third, Plaintiff has alleged that it suffered damages as a result of this breach. The damages come in the form of missed rent, reimbursement for repairs, and reasonable attorney's fees. (*Id.* ¶ 39.)

Assuming the facts alleged in the Complaint as true, the Court finds that Plaintiff has stated a claim that entitles it to relief.

### 2. The Court Cannot Determine Damages

Unlike in the determination of whether the plaintiff has stated a claim, courts do not accept the factual allegations as true for the purposes of damages. *Ryan*, 253 F.3d at 780. Plaintiff provided evidence that supports the alleged damage amounts for missed rent and for repairs to the property. (*See* ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5.) Plaintiff has also alleged that the lease entitles it to reasonable attorney's fees. (Compl. ¶ 39; Lease ¶ 40, ECF No. 1-1.) However, Plaintiff has not provided any evidence to support the amount or computation of attorney's fees. The only evidence that Plaintiff has put forward is an affidavit from its Senior Vice President stating, "I believe that the attorney's fees and costs are reasonable." (ECF No. 10-1, ¶ 9.) The Court cannot "rely on a conclusory figure, with no additional support for that figure's reasonableness." *See Va. Int'l Terminals, LLC v. Keystone Transp. Sols., LLC*, No. 2:17cv537, 2018 WL 2054578, at *6 (E.D. Va. Apr. 5, 2018); *S. Bank & Trust Co. v. MLP Dev. Corp.*, No. 2:15cv53, 2015 WL 5567078, at *5 (E.D. Va. Sept. 21, 2015). Since the Court cannot determine the reasonableness of the amount of attorney's fees, the Court cannot determine the total amount of damages.

A default judgment that does not fix the amount of damages is not a true default judgment; it is merely an entry of default. *See Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 130-31 (4th Cir. 2020); *Calderon v. Geico Gen. Ins.*, 754 F.3d 201, 206-07 (4th Cir. 2014). Since there is no way for the Court to determine whether the attorney's fees are truly "reasonable," the Court cannot enter default judgment. Thus, the Court will deny the Motion for Default Judgment without prejudice.[3]

---

[3] Plaintiff may refile its motion and provide additional briefing as to the amount of damages. Once the motion has been refiled, Defendant may also file additional briefing contesting the amount of damages. If necessary, the Court will schedule a hearing.

### IV. MOTION TO STRIKE DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT

Given that the Court will deny Plaintiff's Motion for Default Judgment and will deny Defendant's Motion to Set Aside Judgment, Plaintiff's Motion to Strike Defendant's Opposition to Default Judgment is moot.

### V. CONCLUSION

For the forgoing reasons, the Court will deny Plaintiff's Motion for Entry of Judgment by Default (ECF No. 10) without prejudice with leave to refile, deny Defendant's Motion to Set Aside Entry of Default (ECF No. 16), and deny Plaintiff's Motion to Strike Defendant's Opposition to Motion for Default Judgment (ECF No. 17) as moot.

An appropriate Order shall issue.

/s/ _____
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: March 21, 2022