IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| AERO NORFOLK, LLC,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    Civil Action No. 2:21CV101 (RCY)<br>) |
| PHILADELPHIA TRUCK LINES, INC.,<br>    Defendant. | )<br>)<br>) |

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff Aero Norfolk, LLC's ("Plaintiff's") Motion for Entry of Judgment by Default (ECF No. 23), seeking entry of default judgment against Defendant Philadelphia Truck Lines, Inc. ("Defendant"). Defendant did not file a response to Plaintiff's motion, and the deadline to respond has passed. The Court previously issued a Memorandum Opinion (ECF No. 21) addressing and denying without prejudice with the leave to refile Plaintiff's prior Motion for Entry of Judgment by Default (ECF No. 10). That Memorandum Opinion is incorporated herein and will be referenced when appropriate. For the reasons stated herein, the Court will grant Plaintiff's Motion for Entry of Default Judgment (ECF No. 23).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On February 17, 2021, Plaintiff filed a Complaint (ECF No. 1) against Defendant to collect unpaid rent, interest, utility charges, and charges for building repairs owed by Defendant. On April 17, 2021, an affidavit of service was filed (ECF No. 6) indicating that a summons, procedure for civil motions, notice, complaint with exhibits, and civil cover sheet had been served on Defendant's agent, Lindsey Herrera, on April 6, 2021. Despite this proper service,

Defendant failed to appear to contest the allegations in the Complaint or otherwise defend this action.

On May 18, 2021, at the request of Plaintiff, the Clerk of the Court entered default against Defendant (ECF No. 9). Following the entry of default, on June 14, 2021, Plaintiff filed a Motion for Entry of Judgment of Default pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure (ECF No. 10). On July 29, 2021, Defendant's counsel filed an Opposition to the Motion for Default Judgment, which the Court construed as a Motion to Set Aside Entry of Default (ECF No. 16). On August 23, 2021, Plaintiff filed a Reply to Defendant's Opposition to Plaintiff's Motion for Default Judgment (ECF No. 18).

On August 17, 2021, Plaintiff filed a Motion to Strike Defendant's Opposition to Plaintiff's Motion for Default Judgment (ECF No. 17). Defendant filed an Opposition to this motion on August 25, 2021 (ECF No. 19), and Plaintiff filed a reply on August 31, 2021 (ECF No. 20).

On March 21, 2022, the Court denied Plaintiff's Motion for Entry of Judgment by Default without prejudice with leave to refile, denied Defendant's Motion to Aside Entry of Default, and denied Plaintiff's Motion to Strike Defendant's Opposition to Motion for Default Judgment as moot. (ECF Nos. 21-22.) The Court denied Plaintiff's Motion for Entry of Judgment of Default, finding that Plaintiff had failed to provide necessary evidence to support the amount or computation of the attorneys' fees sought. On April 11, 2022, Plaintiff filed a second Motion for Entry of Judgment by Default, a Memorandum of Support, and relevant exhibits outlining attorneys' fees calculations.

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure outlines the process for entries of default and default judgment. See Fed. R. Civ. P. 55. Under Rule 55(a), "the clerk must enter the party's default" when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After the clerk has entered default, the plaintiff may request the entry of a default judgment. If the claim is for a "sum certain or a sum that can be made certain by computation, the clerk . . . must enter judgment for that amount." Fed. R. Civ. P. 55(b)(1). If the claim is not for sum certain, the plaintiff must apply to the court for entry of a default judgment. Fed. R. Civ. P. 55(b)(2). When considering whether to enter default, a court must exercise sound discretion. *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009). "The moving party is not entitled to default judgment as a matter of right." *Id.*

"Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim." *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003); *see Anderson v. Found. For Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998). However, the plaintiff's factual allegations are not automatically accepted as true for the purposes of damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *Kindred v. McLeod*, No. 3:08cv19, 2010 WL 4814360, at *3 (W.D. Va. Nov. 19, 2010).

## III. DISCUSSION

### A. Plaintiff has Stated a Claim

As discussed in the Court's previous Memorandum Opinion (ECF No. 21), the Court concluded that Plaintiff adequately alleged each of the elements of a breach of contract claim

against Defendant. The Court found, and again finds today, that the Plaintiff states a claim that entitles it to relief.

### B. The Court Can Determine Damages

Plaintiff's second Motion for Entry of Judgment of Default (ECF No. 23) and its attached exhibits provide adequate evidence to support its alleged damage amount for missed rent, repairs, and reasonable attorneys' fees. In its previous Memorandum Opinion, the Court denied Plaintiff's Motion for Entry of Judgment of Default on the grounds that Plaintiff failed to provide evidence to support the amount or computation of attorneys' fees, leaving the Court unable to determine the total amount of damages. A default judgment that does not provide a sum certain of the amount of damages is not a true default judgment; it is merely an entry of default. *See Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 131-32 (4th Cir. 2020); *Calderon v. Geico Gen. Ins.*, 754 F.3d 201, 207 (4th Cir. 2014). Plaintiff's present Motion cures those flaws.

Plaintiff asserts that, in addition to the $180,104.19 damages owed from unpaid rent and repairs, Defendant owes $24,875 in attorneys' fees and $1,119.10 in litigation costs. Section 40 of the lease between the parties provides for the successful party in any litigation to be reimbursed for any fees, costs, and expenses associated with litigation, including reasonable attorneys' fees. (ECF No. 1-1 ¶ 40.) Generally, the "American Rule" requires each party to cover its own litigation costs. *United Food and Comm. Workers v. Marval Poultry Co.*, 876 F.2d 346, 350 (4th Cir. 1989). "However, parties are free to draft and adopt contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contract dispute." *Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 49 (Va. 2006). In Virginia, these contract terms are valid and enforceable. *Mullins v. Richlands Nat'l Bank*, 403 S.E.2d 334, 335 (Va. 1991).

This district determines the reasonableness of attorneys' fees by applying the three-step process outlined in *McAfee v. Boczar,* 738 F.3d 81 (4th Cir. 2013). "First, the court must determine the loadstar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Id.* at 88 (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). To determine reasonableness, the Court will apply the factors set forth in *Johnson v. Georgia Hwy. Expr. Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* at 243-44. The Court must then subtract the fees for unsuccessful claims, and award a percentage of the remaining amount, depending on the success enjoyed by the Plaintiff. *McAfee*, 738 F.3d at 88.

Parties requesting attorneys' fees must submit proper documentation of the number of hours each attorney spent on the case. *See EEOC v. Nutri/System, Inc.*, 685 F. Supp. 568, 573 (E.D. Va. 1988). This documentation must be sufficient to allow the judge to consider the hours claimed in light of his or her own knowledge and experience. *Id.* Here, Plaintiff attached invoices showing that attorneys expended a total of 28.2 hours on this matter, including 25.4 hours billed by the law firm's Partner. (ECF No. 23.) Plaintiff provides evidence of the rates of both timekeepers who worked on the matter, Attorney Caroline P. Gately (Partner) and Laura Samaniego (Law Clerk), and offers, through its exhibits, a detailed accounting of the hours billed to relevant legal tasks. (ECF No. 23-1.) The hourly rates charged for this matter represent the standard 2021 rates that Venable LLP charged it clients, including Realterm, the parent company of Plaintiff. (ECF No. 23-2.) The Court agrees with Plaintiff that none of the Johnson factors require an upward or downward adjustment. Furthermore, there is no subtraction of fees required, as Plaintiff has been successful in proving Defendant's liability for its sole claim of unpaid rent and repairs. Plaintiff has correctly requested a specific amount of attorneys' fees and

costs and provided documentation in support of its request. Consequently, the Court will grant Plaintiff's request for attorneys' fees and costs.

## IV. CONCLUSION

The Plaintiff's Motion for Entry of Default Judgment (ECF No. 23) will be granted. Judgment will be entered in favor of Aero Norfolk, LLC, against Philadelphia Truck Lines, Inc. in the amount of $180,104.19 for unpaid rent and other assessments under the lease, $24,875.00 in attorneys' fees, and $1,119.10 in litigation costs, totaling $206,098.29.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: August 22, 2022